UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SIMON OFFORD, III, | ) | CASE NO.: C07-1554-RAJ |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| TIMOTHY WENGLER, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner is currently in the custody of the Washington Department of Corrections pursuant to a 2004 King County Superior Court judgment and sentence. He has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from a portion of the sentence imposed following his convictions on drug and firearm charges. Respondent has filed an answer to petitioner's federal habeas petition in which he argues that the petition is time-barred under the federal statute of limitations, 28 U.S.C. § 2244(d). This Court, having reviewed petitioner's petition, respondent's answer, and the balance of the record, concludes that petitioner's federal habeas petition should be dismissed as untimely.

## PROCEDURAL HISTORY

On March 31, 2004, petitioner pleaded guilty to the crimes of possession with intent to deliver cocaine while armed with a firearm, delivery of cocaine, and unlawful possession of a firearm in the first degree. (*See* Dkt. No. 11, Ex. 1 at 1 and Ex. 5 at 1.) On April 9, 2004, petitioner was sentenced to a total term of 136 months confinement which included a 36 month firearm enhancement. (*Id.*, Ex. 1 at 4.) Petitioner did not appeal his judgment and sentence to the Washington Court of Appeals. However, in November 2004, petitioner filed a personal restraint petition in the Court of Appeals. (*Id.*, Ex. 2.) The Court of Appeals dismissed petitioner's personal restraint petition on February 4, 2005. (*Id.*, Ex. 5.) Petitioner did not seek review of the Court of Appeals' decision by the Washington Supreme Court, and the Court of Appeals issued a certificate of finality on March 25, 2005. (*Id.*, Ex. 6.)

In April 2006, petitioner filed a second personal restraint petition in the Washington Supreme Court. (*Id.*, Ex. 7.) The Supreme Court transferred the petition to the Washington Court of Appeals for consideration and, on August 8, 2006, the Court of Appeals dismissed the petition. (*Id.*, Exs. 10 and 11.) Petitioner thereafter filed a motion for discretionary review in the Washington Supreme Court. (*Id.*, Ex. 12.) The Supreme Court Commissioner issued a ruling denying review on December 26, 2006. (*Id.*, Ex. 14.) The Court of Appeals issued a certificate of finality in petitioner's second personal restraint proceedings on March 2, 2007. (*Id.*, Ex. 15.)

Petitioner now seeks federal habeas review of his judgment and sentence. Petitioner signed his federal habeas petition on September 27, 2007, and the petition was filed in this Court on October 2, 2007. (*See* Dkt. No. 4.)

///

GROUNDS FOR RELIEF

Petitioner identifies a single ground for relief in his federal habeas petition:

**GROUND ONE:** ACTUAL INNOCENCE OF THE FIREARM ENHANCEMENT UNDER THE EQUAL PROTECTION CLAUSE

(Dkt. No. 4 at 5.)

DISCUSSION

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, Sec. 105 (1996), which worked substantial changes in the law of federal post-conviction relief. One of those changes was to adopt a one year statute of limitations for § 2254 actions. *See* 28 U.S.C. § 2244(d)(1) (1996). The one year limitations period starts to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is longer. 28 U.S.C. § 2244(d)(1)(A).

In this case the period for direct review ended, at the latest, upon the expiration of the period for filing a direct appeal. Petitioner's judgment was filed in the King County Superior Court on April 13, 2004. (*See* Dkt. No. 11, Ex. 1 at 1.) Petitioner had 30 days after the entry of the judgment, or until May 13, 2004, to file a direct appeal. *See* Rule 5.2, Washington Rules of Appellate Procedure. Because petitioner did not file a direct appeal, his conviction became final on or about May 13, 2004. 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run on the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one year limitations period is tolled for any "properly filed" collateral state challenge

01 to the state conviction. 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations was tolled from
02 November 8, 2004, the date petitioner filed his first personal restraint petition in the state courts,
03 until February 4, 2005, the date the petition was dismissed by the Court of Appeals. Between May
04 14, 2004, the date the statute of limitations began to run, and November 8, 2004, 178 days ran on
05 the statute of limitations. The statute of limitations began to run again on February 5, 2005, the
06 day after the personal restraint petition was dismissed by the Court of Appeals, and expired 187
07 days later, on or about August 11, 2005. Petitioner's second personal restraint petition was not
08 filed until April 2006, well after the statute of limitations had already expired, and thus did not act
09 to toll the statute of limitations. *See Nino v. Galaza*, 183 F.3d 1003 (9th Cir. 1999).

10 The Ninth Circuit has determined that the statute of limitations governing federal habeas
11 petitions is also subject to equitable tolling. *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.
12 2003). However, the Ninth Circuit has made clear that equitable tolling is available "only when
13 extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on
14 time and the extraordinary circumstances were the cause of his untimeliness." *Id*. (internal
15 quotation and citation omitted). Petitioner makes no showing that he is entitled to equitable
16 tolling of the federal statute of limitations.

17 As noted above, petitioner signed his federal habeas petition on September 27, 2007, over
18 two years after the statute of limitations expired on August 11, 2005. Because petitioner filed his
19 petition outside of the § 2254 statute of limitations period, and because petitioner has not
20 demonstrated that he is entitled to equitable tolling of the limitations period, his petition is time-
21 barred. This Court therefore recommends that petitioner's federal habeas petition be dismissed,
22 with prejudice, pursuant to 28 U.S.C. § 2244(d). A proposed order accompanies this Report and

01  Recommendation.

02      DATED this 11th day of March, 2008.

                                        /s/ Mary Alice Theiler
                                        Mary Alice Theiler
                                        United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -5